Michael Stephen PULLIAM, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15934.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1971.

Mac Oyler, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., Chief, Raymond Naifeh, Asst. Atty. Gen., W. Howard O'Bryan, Asst. Dist. Atty., Oklahoma County, for defendant in error.

BUSSEY, Presiding Judge:

Michael Stephen Pulliam, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Illegal Delivery of a Stimulant. His punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the ultimate conclusion reached, we do not deem it necessary to recite the statement of facts. We first observe that the trial court erred in not granting the defendant's motion for new trial. At the motion for new trial hearing, defendant called ten of the jurors to ascertain if they had read an article in a local newspaper which stated that the defendant's father was charged with attempting to bribe a police officer in regard to the instant case; the article was published while the jury was on an overnight recess during the trial. In response to a question whether she had read the article in the paper, juror Lemmon testified:

"A. I don't think so because they told us not to read them.

"Q. Well, let me ask you this: Were you aware then when you returned the second day to finish up the Pulliam case that Mr. Pulliam, the boy's father, was under a charge for allegedly bribing a police officer in regard to his son's case.

"A. Yes.

"Q. You were aware of it?

"A. Yes." (Tr. P. 144)

The Record does not reflect that any mention was made at the trial concerning the father's attempting to bribe a police officer. We can arrive at no other logical conclusion but that the juror received the evidence out of court by either reading the newspaper article or communications by third persons. Title 22 O.S.1961, § 952 provides in part as follows:

"§ 952. Grounds for new trial—Affidavits and Testimony. A court in which a trial has been had upon an issue of fact has power to grant a new trial when a verdict has been rendered against a defendant by which his substantial rights have been prejudiced, upon his application in the following cases only: * * *

"Second. When the jury have received any evidence out of court, other than that resulting from a view of the premises. * * * R.L.1910, § 5937."

We further observe that the prosecuting attorney during cross examination of the defendant asked the following questions:

"Q. All right, now then, do you know Little John?

"A. Little John Homan; yes, sir.

"Q. You associated with him; is that right?

"A. Yes, sir; I went to school with him.

"Q. Where was that, Northwest Classen?

"A. Yes, sir.

"Q. I'll ask you if you and Little John were not the two main suppliers of acid at Northwest Classen."

We are of the opinion that such a question was highly improper and could have only been propounded for the purpose of prejudicing the jury. The cause is accordingly reversed and remanded for a new trial. Reversed and remanded.

BRETT, J., concurs.